IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

KENNETH HARRY,

               Plaintiff,

    v.

THE ALASKA PAROLE BOARD, *et al*.,

              Defendants.

Case No. 3:21-cv-00190-JMK

## ORDER OF DISMISSAL

On August 10, 2021, Kenneth Harry, a self-represented litigant, filed a "Letter of Intent to Sue by way of the U.S. Supremacy Clause in the United States Supreme Court" and a "Motion for Emergency Injunction for Estoppel of the Sentence and it's [sic] effects in case no. 3AN-06-01028 C.R."[1] The Court issued a Deficient Filing Order instructing Mr. Harry on how to properly commence a civil suit and denied the motion.[2] Subsequently, Mr. Harry filed a Motion for Clarification/Request, which the Court denied, because it cannot issue advisory opinions.[3] On September 7, 2021, Mr. Harry filed a Complaint on the Court's civil rights form and an Application to Waive Prepayment of the Filing Fee.[4] On

---

[1] Dockets 1 & 2.

[2] Docket 3.

[3] Dockets 4 & 6.

[4] Docket 7.

October 7, 2021, he filed a "Motion for Clarification and to Proceed to Emergency Injunction Phase of these Proceedings and to Waive any and or all filing fees."[5]

**I.     Complaint**

Mr. Harry alleges suit under the Supremacy Clause of the U.S. Constitution and 42 U.S.C. § 1983. He names the (1) Alaska Parole Board; (2) Alaska Court System; (3) Alaska Legislature; (4) Office of Special Prosecutions; (5) Office of Public Advocacy; (6) Sidney Billingslea; (7) Alaska Department of Corrections; (8) U.S. District Court for the District of Alaska; (9) Ninth Circuit Court of Appeals; and (10) Alaska Sex Offender Registry, as defendants.

In essence, Mr. Harry's Complaint arises from a state court criminal matter, *State of Alaska v. Harry*, Case No. 3AN-06-01028CR. The Court takes judicial notice that Mr. Harry was convicted after a jury trial of one count of felony Sexual Assault 1, Penetration without Consent, and one count of misdemeanor Assault in the 4th Degree.[6] Mr. Harry was sentenced on January 12, 2007.[7] Mr. Harry's various allegations are as follows:

---

[5] Docket 10.

[6] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." BLACK'S LAW DICTIONARY (11th ed. 2019); *see also Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice.") (internal quotation marks and citation omitted); *see also* Fed. R. Evid. 201.

[7] *State of Alaska v. Harry*, Case No. 3AN-06-01028CR docket entry dated January 12, 2007 ("Judgment of Conviction. Case Closed." For a complete docket view of the state

Case No. 3:21-cv-00190-JMK, *Harry v. Alaska Parole Board, et al.*
Order of Dismissal
Page 2 of 9
Case 3:21-cv-00190-JMK   Document 11   Filed 11/12/21   Page 2 of 9

- Claim 1: The Alaska Parole Board violated his rights to due process and to be free from cruel and unusual punishment in August 2013 by usurping his "good time" and extending his sentence twice.[8]

- Claim 2: The Alaska Court System violated his rights to due process and to be free from cruel and unusual punishment in 2006, because the Alaska courts construed "without consent" in a manner to allow conviction without any criminal conduct by the defendant; violated principles of double jeopardy and *res judicata* to convict him with insufficient evidence; and subjected him to over 16 years on a 12-year sentence.[9]

- Claim 3: The Alaska Legislature violated his rights of free association and to be to be free from cruel and unusual punishment in 2006, because of careless drafting making "without consent" a "catch all provision" and an action taken by the victim, not the perpetrator, therefore removing the required *actus reus* of the crime.[10]

- Claim 4: The Office of Special Prosecutions and Appeals violated his rights to due process and equal protection in 2006, because the prosecutor falsified and misrepresented evidence, which led to a conviction based on insufficient evidence.[11]

- Claim 5: The Office of Public Advocacy violated his right to due process in 2006 by "flat out refus[ing] to uphold their oath and duty to do so on behalf of my defense."[12]

---

litigation in this matter, individuals may search Alaska state online case records at https://records.courts.alaska.gov/).

[8] Docket 7 at 6.

[9] Docket 7 at 7.

[10] Docket 7 at 8.

[11] Docket 7 at 9.

[12] Docket 7 at 10.

- Claim 6: Sidney Billingslea, his former attorney, violated his right to due process in 2006, because of her ineffective assistance of counsel leading to his wrongful conviction.[13]

- Claim 7: The Alaska Department of Corrections violated his rights to due process and to be free from cruel and unusual punishment from 2015–2019 by holding him on the "seal of the parole board" past his sentence.[14]

- Claim 8: The U.S. District Court for the District of Alaska violated his rights to due process and to be free from cruel and unusual punishment in 2010 and 2017 by aiding the Alaska Court System and the Alaska Parole Board in his illegal detention and for denying his prior attempts to recover damages and injunctive relief.[15]

- Claim 9: The Ninth Circuit Court of Appeals violated his right to due process in 2010 and 2018 by denying his appeals and aiding in his detention.[16]

- Claim 10: The Alaska Sex Offender Registry violated his rights to be free from cruel and unusual punishment and freedom of association in 2006, because the registry acts as a bill of attainder or a bill of pains, subjected him to double jeopardy, and as a first offender he should only be required to register for 15 years, not for life.[17]

For relief, Mr. Harry requests (1) damages of $10,000,000.00; (2) punitive damages of $50,000,000.00; (3) an order to modify the statute relevant to his conviction to "better clarify 'without consent' or change it back to: "Forcibly and

---

[13] Docket 7 at 11.

[14] Docket 7 at 12.

[15] Docket 7 at 13.

[16] Docket 7 at 14.

[17] Docket 7 at 15.

Case No. 3:21-cv-00190-JMK, *Harry v. Alaska Parole Board, et al.*
Order of Dismissal
Page 4 of 9
Case 3:21-cv-00190-JMK   Document 11   Filed 11/12/21   Page 4 of 9

against the will of . . .'"; (4) a declaration that Mandatory Parole is invalid; (5) a declaration that Alaska Stat. § 11.41.410(a)(1) is vague and overbroad; and (6) for his "record to be expunged and other actions still to be named."[18]

## II. Screening Requirement

Federal law requires a court to conduct an initial screening of a civil complaint filed by a self-represented litigant seeking to proceed in a lawsuit in federal court without paying the filing fee.[19] In this screening, a court shall dismiss the case at any time if the court determines that the action:

> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.[20]

To determine whether a complaint states a valid claim for relief, courts consider whether the complaint contains sufficient factual matter that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[21] In conducting its review, a court must liberally construe a self-represented plaintiff's pleading and

---

[18] Docket 7 at 16–17.

[19] *See, e.g., Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000).

[20] 28 U.S.C. § 1915(e)(2)(B).

[21] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. L.A.*, 250 F.3d 668, 688 (9th Cir. 2001)).

Case No. 3:21-cv-00190-JMK, *Harry v. Alaska Parole Board, et al.*
Order of Dismissal
Page 5 of 9
Case 3:21-cv-00190-JMK   Document 11   Filed 11/12/21   Page 5 of 9

give the plaintiff the benefit of the doubt.[22] Before a court may dismiss any portion of a complaint for failure to state a claim upon which relief may be granted, the court must provide the plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[23]

### III. Discussion

For the reasons explained below, Mr. Harry fails to state a claim upon which relief can be granted. Therefore, this action must be dismissed.

   a. <u>Supremacy Clause</u>

The Supremacy Clause of the U.S. Constitution provides that when Congress legislates pursuant to its powers federal law preempts any conflict with state law.[24] The Supremacy Clause is not a source of federal rights and does not create a private cause of action.[25] Plainly, individual litigants cannot sue under the Supremacy Clause. Accordingly, Mr. Harry may not bring suit under the Supremacy Clause of the U.S. Constitution.

---

[22] *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

[23] *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[24] *Gibbons v. Ogden*, 22 U.S. (9 Wheat.) 1, 210–11 (1842).

[25] *Armstrong v. Exceptional Child Ctr., Inc.*, 575 U.S. 320, 324–25 (2015).

Case No. 3:21-cv-00190-JMK, *Harry v. Alaska Parole Board, et al.*
Order of Dismissal
Page 6 of 9
Case 3:21-cv-00190-JMK   Document 11   Filed 11/12/21   Page 6 of 9

b. <u>42 U.S.C. § 1983</u>

42 U.S.C. § 1983 is a federal statute that "is not itself a source of substantive rights," but provides "a method for vindicating rights [found] elsewhere."[26] To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must "plead that (1) defendants acting under color of state law (2) deprived plaintiff of rights secured by the federal Constitution or federal statutes."[27] To act under color of state law, a complaint must allege that the defendants acted with state authority as state actors.[28] To be deprived of a right, the defendant's action needs to either violate a right guaranteed by the Constitution or an enforceable right created by federal law.[29]

A convicted person may not bring a civil rights claim under 42 U.S.C. § 1983 that collaterally attacks his state court conviction. Where a § 1983 action alleges constitutional violations that would necessarily question or concern the validity of a state court conviction or sentence, the prisoner must establish that the underlying sentence or conviction has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of

---

[26] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).

[27] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

[28] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

[29] *Buckley v. City of Redding*, 66 F. 3d 188, 190 (9th Cir. 1995); *Blessing v. Freestone*, 520 U.S. 329, 340–41 (1997).

Case No. 3:21-cv-00190-JMK, *Harry v. Alaska Parole Board, et al.*
Order of Dismissal
Page 7 of 9
Case 3:21-cv-00190-JMK   Document 11   Filed 11/12/21   Page 7 of 9

habeas corpus."[30] This rule applies regardless of whether the prisoner seeks damages or injunctive relief or who the target of the suit is, "if success in that action would necessarily demonstrate the invalidity of confinement or its duration."[31]

As a threshold requirement in order for Mr. Harry to procced on these claims, he must demonstrate that his conviction has been overturned on appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a writ of habeas corpus—which he has not and cannot do.[32] All of Mr. Harry's allegations grow out of his 2006 prosecution and 2007 convictions for Sexual Assault and Assault. Mr. Harry's express purpose of this suit is to undermine the validity of his conviction as evidenced by the defendants named, his civil rights allegations, and the relief requested. Mr. Harry disagrees with the method of his conviction; the law under which he was convicted and sentenced; the execution of his sentence and supervision; and that his prior requests for overturning that conviction were denied by state and federal courts. Furthermore, he requests the Court expunge his conviction. This is expressly the type of federal court interference that *Heck v. Humphrey* prohibits. The Court cannot grant such relief

---

[30] *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

[31] *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005).

[32] The Court also takes judicial notice that Mr. Harry has previously raised similar claims and been instructed that he cannot proceed due to *Heck v. Humphrey*. *See Harry v. Alaska Parole Board*, Case No. 3:20-cv-00261-RRB. *See supra* note 6.

Case No. 3:21-cv-00190-JMK, *Harry v. Alaska Parole Board, et al.*
Order of Dismissal
Page 8 of 9
Case 3:21-cv-00190-JMK   Document 11   Filed 11/12/21   Page 8 of 9

in a civil action, nor can these claims proceed due to the bar imposed by *Heck v. Humphrey*.

Mr. Harry fails to state a claim upon which relief can be granted. Therefore, this action must be dismissed.

**IT IS THEREFORE ORDERED:**

1. This action is **DISMISSED WITHOUT PREJUDICE**.

2. All **pending** motions are **DENIED AS MOOT**.

3. The **Clerk** of Court shall enter a final judgment.

DATED this 12th day of November, 2021, at Anchorage, Alaska.

*/s/ Joshua M. Kindred*
JOSHUA M. KINDRED
UNITED STATES DISTRICT JUDGE

Case No. 3:21-cv-00190-JMK, *Harry v. Alaska Parole Board, et al.*
Order of Dismissal
Page 9 of 9
Case 3:21-cv-00190-JMK   Document 11   Filed 11/12/21   Page 9 of 9